NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PATRELL BARNETT, | : | Civil No. 10-3872 (JLL) |
| Plaintiff, | : | |
| v. | : | **ORDER** |
| NEW JERSEY TRANSIT CORPORATION et al., | : | |
| Defendants. | : | |

**LINARES, District Judge.**

This matter comes before the Court on Plaintiff's submission of a civil Complaint and an application to proceed in forma pauperis. The Court has reviewed the submissions and finds that:

1. Plaintiff did not prepay the $350.00 filing fee for a civil action as required by Local Civil Rule 54.3(a). Rather, Plaintiff submitted an application to proceed without the prepayment of this fee.

2. Plaintiff's application states that her household income, from her spouse's employment, is currently $2,400 per month, and that she and her spouse support four children. Her affidavit states that her total household monthly expenses is $2,490. However, when the individual expenses listed are added, they total only $1,816. She also states that they have one car valued at $8,000 and a little over $100 in checking accounts.

3. For a Court to grant in forma pauperis status to a litigant, the litigant "must establish that he is unable to pay the costs of his suit." Walker v. People

Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989). However, "[t]he Supreme Court has held that a plaintiff need not 'be absolutely destitute to enjoy the benefit of the statute.'" Chatman v. Allegheny County, 144 Fed. Appx. 216, 217 (3d Cir. 2005) (unpublished decision) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)).

4. Here, this Court finds that Plaintiff has made an inadequate showing of why she is unable, given her household income and estimated expenses to remit the $350.00 filing fee for a civil action as required by Local Civil Rule 54.3.

5. The Court notes that "[a]lthough a complaint is not formally filed until the filing fee is paid, [it is] deem[ed] to be constructively filed as of the date that the clerk received the complaint-as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed in forma pauperis." McDowell v. Del. State Police, 88 F.3d 188, 191 (3d Cir. 1996). Plaintiff's original complaint was filed on July 30, 2010. On September 28, 2010, she filed an Amended Complaint. The Court expresses no opinion on whether the Amended Complaint would appropriately relate back to the original file date if she pays the filing fee or an amended IFP application is granted.

It is, therefore, on this 29 day of September, 2010,

**ORDERED** that Plaintiff's application to proceed in forma pauperis is DENIED; and it is further

**ORDERED** that, on or before November 1, 2010, Plaintiff is hereby directed to remit the $350.00 filing fee or submit an amended in forma pauperis application demonstrating why she is unable to remit this fee. Failure to do so will result in the Amended Complaint being deemed withdrawn and the Clerk of the Court closing its file in this matter.

José L. Linares
United States District Judge