**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PATRELL BARNETT, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 10-3872 (ES) |
| | : | |
| NEW JERSEY TRANSIT CORP., et al. | : | OPINION |
| | : | |
| Defendants. | : | |

**SALAS, District Judge.**

Now pending before this Court are motions to dismiss Plaintiff Patrell Barnett's ("Plaintiff") complaint filed by Defendants John Calia, Alan Zahn, Norman Allen, Mark Mattis, and Glen Eagan ("the Individual Defendants") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Court has considered the papers submitted in support of and in opposition to the instant motions and decides the motions without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motions to dismiss are granted.

### I.   LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington*

*Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, —— U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, " 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element[s]." *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 322 (3d. Cir.2008) (quoting *Twombly*, 550 U.S. at 556).

## II.   BACKGROUND & ANALYSIS

Plaintiff's complaint alleges violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. ("Title VII"). Specifically, Plaintiff alleges that the Individual Defendants engaged in unlawful and intentional discriminatory practices based upon her race and gender, and also engaged in retaliation.

Plaintiff, however, has not adequately alleged a violation of Title VII against the Individual Defendants as individual employees cannot be held liable under Title VII. *Sheridan v. E.I. DuPont de Nemours*, 74 F.3d 1439, 1454 (3d Cir.1996) (holding that "we follow the great weight of authority from other courts of appeals and hold that an employee cannot be sued [under Title VII]."). Accordingly, Plaintiff has failed to "state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570.

## III.   CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are granted and Plaintiff's Title VII claims against the Individual Defendants are dismissed with prejudice.

Dated: Oct. 24, 2011

Esther Salas
United States District Judge