NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PATRELL BARNETT,** : | |
| : | |
| **Plaintiff,** : | |
| v.       : | **CIV. ACTION NO. 10-3872 (ES)** |
| : | |
| : | |
| **NEW JERSEY TRANSIT CORP., et al** : | |
| : | |
| **Defendants.** : | |
| : | |

**SALAS, District Judge.**

Now pending before this Court is Plaintiff Patrell Barnett's motion for an entry of default judgment as to Defendant New Jersey Transit Corporation and Defendant New Jersey Transit Rail Operations, Inc. (collectively, "NJ Transit") and NJ Transit's cross-motion to vacate the entry of default.[1]  No oral argument was heard.  Fed. R. Civ. P. 78.  For the reasons set forth below, Plaintiff's motion for default judgment is **denied** and NJ Transit's cross-motion to vacate entry of default is **granted**.

**I.     Background**

Plaintiff commenced this action against NJ Transit on July 30, 2010. (Dckt. No. 1). On September 28, 2010, Plaintiff filed a Verified Amended Complaint ("Complaint). (Dckt. No. 3). On December 17, 2010, the Clerk of the Court entered default against NJ Transit. (Dckt. No. 17). On April 19, 2011, Plaintiff filed Motion for Default Judgment against NJ Transit. (Dckt. No.

---

[1] On October 14, 2011, Plaintiff filed a second motion for default judgment as to NJ Transit. (Dckt. Nos. 51 & 52). NJ Transit, in turn, renewed its opposition and cross-motion to vacate default.  (Dckt. Nos. 55). This opinion applies to each motion as the factual and legal issues are identical.

1

24). On May 4, 2011, NJ Transit filed an opposition to Plaintiff's Motion for Default Judgment and a Cross-Motion to vacate the Clerk's entry of default. (Dckt. No. 33).

## II. Discussion

Rule 55(c) provides that the entry of default may be vacated for "good cause." Fed. R. Civ. P. 55(c). In this circuit, the three factors weighed by a court in vacating default are: (1) prejudice to the plaintiff, (2) whether the default was entered due to the culpable conduct of the defaulting party, and (3) availability of a meritorious defense. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008) (describing three-factor test as applicable to vacating default or vacating default judgment). The Third Circuit disfavors defaults or default judgments, preferring "doubtful cases to be resolved in favor of the party moving to set aside the default ... so that cases may be decided on their merits." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984) (quotations omitted). The Court analyzes each factor in turn.

First, Plaintiff will not be prejudiced by lifting the default. While the Court is mindful of a Plaintiff's desire to move a case along, "delay in realizing satisfaction or the fact that the plaintiff will have to prove its case on the merits are rarely sufficient to prevent a court from opening up a default." *Itche Corp. v. G.E.S. Bakery, Inc.*, No. 08-3103, 2008 WL 4416457 at *2 (D.N.J. Sept. 24, 2008) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir.1982). Prejudice under this prong accrues due to a "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Id.* "[T]he inevitable dimming of witnesses' memories" is also recognized as a form of prejudice. *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).

Here, Plaintiff does not argue that there is a potential for fraud or collusion or a substantial reliance upon the judgment, but contends that she will be prejudiced because the memories of potential witnesses will have faded given the amount of time that has passed. (Pl. Br. 4-5; Dckt. No. 37). *Id.* Plaintiff provides no indication that specific witnesses' memories have faded beyond refreshment. Given the particular facts of this case, the Court will not accept Plaintiff's conclusory argument and infer prejudice based on the amount of time involved here. Aside from the obvious toll that the passage of time takes on witnesses' recollection of events, the record does not otherwise establish how Plaintiff would be prejudiced by reinstating the action at this juncture. Plaintiff has not shown that evidence was lost, or that she would have any increased difficulties obtaining relevant discovery. Accordingly, the Court finds that this factor weighs in favor of vacating default.

Next, Plaintiff has not indicated, nor does this Court conclude, that the delay in this case was due to NJ Transit's culpable conduct. Culpable conduct, in the context of Rule 55(c), requires an examination of the "willfulness" or "bad faith" of a non-responding Defendant. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984). Here, Defense counsel attests that she moved to vacate default on the very day that she was assigned to this matter. (*See* Certification of S. Murray; Dckt. No. 33-1). Based on the record before the Court, any delay in this case was due to *carelessness* by the office of the Attorney General of New Jersey, rather than "willfulness" or "bad faith." As such, this prong weighs in favor of vacating default.

Finally, the Court examines whether or not NJ Transit has raised a meritorious defense. A meritorious defense is one that, if established at trial, would constitute a complete defense to the action. *$55,518.05 in U.S. Currency*, 728 F.2d 192 at 195. The defaulting party must, however, set forth specific facts demonstrating the facial validity of its defense. *Id.* Plaintiff alleges

3

violations of Title VII of the Civil Rights Act by NJ Transit. Title VII prohibits retaliation for opposing an unlawful employment practice. 42 U.S.C. § 2000e–3. To establish a prima facie case of retaliation, a plaintiff must prove that (1) she engaged in protected activity, (2) an employer took an adverse action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse action. *Wilkerson v. New Media Tech. Charter School, Inc*., 522 F.3d 315, 320 (3d Cir. 2008). An adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 152–53 (3d Cir. 1999). (internal quotations omitted).

NJ Transit contends that it never took an adverse action against Plaintiff because she voluntarily resigned her position. Plaintiff's complaint, however, alleges that she was constructively discharged. (Complaint p. 4). A constructive discharge can serve as an adverse employment action for purposes of a retaliation claim. *See Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 156 & n11 (3d Cir. 1999). To establish constructive discharge, Plaintiff is required to show that the discrimination she alleges surpassed a "threshold of intolerable conditions*." Duffy v. Paper Magic Group, Inc.*, 265 F.3d 163, 169 (3d Cir. 2001) (internal quotations omitted). "Intolerability ... is assessed by the objective standard of whether a 'reasonable person' in the employee's position would have felt compelled to resign -- that is, whether [she] would have had no choice but to resign." *Connors v. Chrysler Financial Corp*., 160 F.3d 971, 976 (3d Cir. 1998) (internal citations omitted). Here NJ Transit's proffer regarding the merits the defense is scant, namely that Plaintiff voluntarily quit. However, given the claim at issue, the particular facts of this case, and in light of the Third Circuit's preference that cases are to be decided on the merits,

4

the Court finds NJ Transit's proffered defense has sufficient merit to weigh in favor of vacating default. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984) (quotations omitted).

### III. Conclusion

For the aforementioned reasons, NJ Transit's motion to set aside the entry of default is granted and Plaintiff's motion for default judgment is deemed moot. NJ Transit has 14 days from receipt of this Opinion and accompanying Order to file an answer or otherwise respond to Plaintiff's complaint.

Dated: December 7, 2011 /s/ Esther Salas
United States District Judge